UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BETTY ANDRIX
JAMES ANDRIX,

       Plaintiffs,

   v.                                    Civil Action No. _____

ZWICKER & ASSOCIATES, P.C.

                                        **JURY TRIAL DEMANDED**

       Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Betty Andrix a natural person residing in the Town of Cheektowaga, County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692(3).

5. Plaintiff James Andrix a natural person residing in the City of Buffalo, County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692(3).

6. Defendant Zwicker & Associates, P.C. (hereinafter "Zwicker") is a professional corporation organized and existing under the laws of the State of Massachusetts, and is a "debt collector" as that term is defined in 15 U.S.C.§1692a(6).

7. That all references to Zwicker in this action shall mean Zwicker and/or an employee or employees of Zwicker.

## IV. FACTUAL ALLEGATIONS

8.  That James Andrix applied for, and was given three student loans for post-secondary educational purposes.

9.  That Betty Andrix cosigned one of the aforesaid student loans. The loan said Plaintiff cosigned will hereinafter be referred to as "the cosigned loan."

10. That the subject debt, and the educational services obtained with the student loan funds, were incurred for the purchase of goods and services used primarily for household, family and/or personal use.

11. That the James Andrix defaulted on all three of the aforesaid student loans.

12. That Betty Andrix defaulted on the cosigned loan.

13. That the holder of the aforesaid student loans employed Zwicker to attempt to collect said debts.

14. From October of 2004 through May of 2006, James Andrix made payments to Zwicker.

15. That when he made the payments referred to in paragraph 14 of this complaint during the months of October of 2004 through February of 2006, James Andrix requested that Zwicker "weight" the payments towards payment of the cosigned loan.

16. That when he made the payments referred to in paragraph 14 of this complaint during the months of March of 2006 through May of 2006, James Andrix requested that $300.00 out of the $375.00 in payments made during that period be applied exclusively to the cosigned loan.

17. That the telephone conversation referred to in paragraph 17 of this complaint was Zwicker's first communication with Plaintiff Betty Andrix.

18. That in or about August of 2006, Robert Peterson, and employee of Zwicker, spoke to Plaintiffs by telephone on two separate occasions. In the course of his conversations with said Plaintiffs, Robert Peterson told both Plaintiffs that Betty Andrix was liable on all three of the aforesaid student loans.

19. That on or about August 22, 2006, James Andrix called and spoke to Robert Peterson by telephone. In the course of their conversation, Robert Peterson told James Andrix that Betty Andrix was liable on all three of the student loans, and that Zwicker would not apply his payments to the cosigned loan as he had requested.

20. That on or about August 23, 2006, Betty Andrix called and spoke to Robert Peterson by telephone. In the course of their conversation, Robert Peterson told Betty Andrix that she was liable on all three of the student loans.

21. That on December 12, 2006, Adam Purpura, an employee of Zwicker, called and spoke with James Andrix. During their conversation, Adam Purpura made the following statements:

A. That he was going to call a New York attorney either that evening or the following morning to take action against Betty Andrix.

B. That he was going to have Betty Andrix served with a summons at work, and asked James Andrix to "think of her horror."

C. That he was going to pursue a judgment against Betty Andrix.

22. That the representations made by Adam Purpura described in paragraph 21A through 21C of this complaint were false in that Zwicker had not decided to commence a lawsuit against Betty Andrix, did not intend to file a lawsuit against Betty Andrix, and did not intend to instruct any lawyer or process server to have Betty Andrix served with a summons at work.

23. That Zwicker never sent Betty Andrix a letter containing the disclosures and information as required by 15 U.S.C.§1692g(a).

24. That James Andrix never authorized Zwicker to discuss his liability on the student loans that Betty Andrix did not cosign.

25. That as a result of Zwicker's actions as alleged in this complaint, Plaintiffs became nervous, anxious, upset, and suffered from emotional distress.

## V.     CAUSES OF ACTION

26. Plaintiffs repeat, reallege and incorporate by reference each and every allegation heretofore alleged in this complaint as if fully set forth herein.

27. Zwicker's conduct, as alleged in this complaint, was done in violation of multiple provisions of the FDCPA, including, but not limited to, the following:

A. Zwicker violated 15 U.S.C.§1692g(a) by failing to provide Betty Andrix the information and disclosures required by that section with in the time prescribed by statute.

B. Zwicker violated 15 U.S.C.§1692b(1), 15 U.S.C.§1692b(2), and 15 U.S.C.§1692c(b) by discussing James Andrix's non-cosigned debt with Betty Andrix.

C. Zwicker violated 15 U.S.C.§1692d, 15 U.S.C.§1692d(5), and 15 U.S.C.§1692f by calling Betty Andrix irresponsible and telling her "what's the matter with you."

D. Zwicker violated 15 U.S.C.§1692h by not applying the payments made by James Andrix to the debts he requested they be applied to.

E. Zwicker violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692h by stating to Plaintiffs that Betty Andrix was liable on all three student loans, and that they would not apply payments to the cosigned loan as requested.

F. Zwicker violated 15 U.S.C.§1692d, 15 U.S.C.§1692d(5), 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10), by making the statements and false representations described in paragraphs 21, 21A, 21B, and 22 of this complaint.

28. That as a result of Zwicker's actions as alleged in this complaint, Plaintiffs became nervous, anxious, upset, and suffered from emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of each Plaintiff against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) for such other and further relief as may be just and proper.


**PLAINTIFFS DEMAND A JURY TRIAL**


Dated: January 23, 2007

s/KENNETH R. HILLER, ESQ.
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller